# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOHN BRADIN,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　　CASE NO. 19-3041-JWL

LINDA THOMAS, Warden,
and UNITED STATES BOARD
of PROBATION & PAROLE,

    Respondents.

## ORDER

    This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in federal custody at Core Civic Leavenworth Detention Center in Leavenworth, Kansas ("Core Civic"). The Court entered an Order (Doc. 6) setting a deadline of April 19, 2019, for Respondent to show cause why the writ should not be granted, and a deadline of May 20, 2019, for Petitioner to file a traverse. The Court also set a deadline of April 8, 2019, for Respondents to respond to Petitioner's motions at Doc. 4 and Doc. 5, and a deadline of April 19, 2019, for Petitioner to file a reply. Because Petitioner has filed additional motions and correspondence, the Court enters this Order to clarify the remaining issues for the parties to address in their responses.

**I. Pending Motions**

    **A. Motion for Subpoena (Doc. 4) and Motion for Release (Doc. 5)**

    Petitioner filed a Motion for Subpoena (Doc. 4), seeking to subpoena his box of personal property, Missouri photo I.D. Card, birth certificate, Social Security Card, and medical records. Petitioner alleges that these items were removed from him under the Marshal's Service orders, and are currently in the possession of the South Central Correctional Center in Licking, Missouri.

1

Petitioner alleges that the items are "immediately necessary" to prove the Social Security Administration's illegal seizure of his assets, to establish his legal right to an adversary hearing, and to provide for the issuance of an order for release of his assets for "hiring counsel of choice." Petitioner further asserts that surrender of his I.D. and medical records is necessary to enable him to obtain medical treatment and to perform banking and financial transactions necessary for hiring counsel.

Petitioner also filed a Motion for Release of Seized Assets for Hiring Counsel of Choice Pursuant to Amendment VI U.S. Constitution (Doc. 5), seeking release of the seized assets to enable him to hire counsel to represent him in his habeas proceeding and at his upcoming parole hearing. Petitioner also seeks the release of "all his assets currently illegally seized by . . . the Social Security Administration . . . totaling $1,788,767.00."

Although the Court has set response deadlines for these two motions, the Court notes that a claim against the Social Security Administration is not properly before this Court in this habeas action. If Petitioner intends to pursue a claim against the Social Security Administration, he needs to follow the Social Security administrative procedures rather than proceeding in this habeas action. *See Head v. New Mexico Dep't of Corr.*, No. 16-CV-00509-MCA-GJF, 2016 WL 9777224, at *1–2 (D. N.M. Sept. 27, 2016) (finding petitioner's amended petition frivolous and stating that "Petitioner is not in the custody of the Social Security Administration, the Social Security Administration is not a named respondent, and this Court lacks jurisdiction to grant habeas relief against the Social Security Administration"); *see also Treece v. Louisiana*, No. 2:08-cv-1486, 2008 WL 5480566, at *1 (W.D. La. Dec. 5, 2008) (report and recommendation) ("[i]n denying petitioner's request for relief, the Fifth Circuit noted (as did the Eastern District) that petitioner's challenge to the Social Security Administration's decision to

withhold his social security benefits based on his incarceration was not cognizable in an application for habeas corpus."); *Gray v. People of Calif.*, No. CV 13-0742 JVS (SS), 2014 WL 1325312, at *6 (C.D. Cal. April 2, 2014) (noting petitioner's previous petition was meritless and was dismissed where petitioner failed to challenge his conviction or sentence and instead requested review of the Social Security Administration's alleged denial of benefits).

**B. Emergency Motion for TRO/PI/Hearing (Doc. 7) and Motion for Show Cause Order (Doc. 8)**

Petitioner filed "Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction and Request for an Emergency Hearing" (Doc. 7). Petitioner seeks a temporary restraining order ("TRO") and preliminary injunction: requiring the Respondents to order the U.S. Marshal's Service and the U.S. Board of Parole to retrieve his box of personal property pursuant to his Motion for Subpoena at Doc. 4; declaring Respondents' refusal to mail his petition as a violation of 18 U.S.C. § 1701; and prohibiting Respondents from destroying or disposing of his property. Petitioner alleges that if Respondents are not restrained from destroying his property, he will be irreparably harmed. Petitioner also filed a Motion for Order to Show Cause RE Preliminary Injunction (Doc. 8), requesting entry of a show cause order directing Respondents to appear for a hearing to show cause why a preliminary injunction should not be issued.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite

for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Petitioner, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251.

Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted). The movant must also establish a relationship between the injury claimed in their motion and the conduct alleged in the complaint. *Id.*; *see also Hicks v. Jones*, 332 F. App'x 505, 507–08 (10th Cir. 2009) (affirming denial of injunctive relief where movant sought relief on "a matter lying wholly outside the issues in [his] suit"). Petitioner's habeas petition relates to the execution of his sentence. Petitioner's motion for a TRO and preliminary injunction relates to the return of his property and his access to the courts.

Petitioner's claims regarding his property are not properly brought in a habeas action. The "purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality

of that custody . . . [b]ut a prisoner 'who challenges the conditions of confinement must do so through a civil rights action.'" *Davis v. Fox*, 701 F. App'x 715, 716 (10th Cir. 2017) (unpublished) (citations omitted) (due process claim regarding impoundment of personal property does not challenge the fact or duration of confinement); *see also Davis v. Heimgartner*, Case No. 16-3063-SAC, 2016 WL 3855551, at n.9 (D. Kan. July 15, 2016) ("Generally, a prisoner states no claim for habeas corpus relief unless he alleges the deprivation of a liberty interest, and he has no cause of action under 42 U.S.C. § 1983 for an unauthorized deprivation of property, either intentional or negligent, by a state employee if a meaningful state post deprivation remedy is available for the loss.") (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see O'Neal v. Price*, 531 F.3d 1146 (9th Cir. 2008)).

Furthermore, the U.S. District Court in Missouri has already ruled on Petitioner's claims regarding his property. On December 6, 2018, Petitioner filed a *pro se* civil rights action in the U.S. District Court for the Western District of Missouri. *See Bradin v. U.S. Marshals Service*, Case No. 18-cv-03402-RK. In Case No. 18-3402-RK, Petitioner also sought the return of his property. The court held that:

> Plaintiff's allegations concerning the mishandling of his property fail to state a federal claim. "An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedure requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer,* 468 U.S. 517, 533 (1984). The unauthorized destruction of property by government officials does not violate due process because Missouri provides an adequate postdeprivation remedy. *See Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990) (citing *Hudson* and *Maples v. United Savings & Loan Assoc.*, 686 S.W.2d 525, 527 (Mo. App. 1985)). Under Missouri law, "[c]onversion is the unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights." *Maples*, 686 S.W.2d at 527.

> Pursuant to *Hudson* and *Orebaugh*, Plaintiff fails to state a violation under the United States Constitution for the property that Defendants allegedly lost because Missouri law provides an adequate postdeprivation remedy.

*Bradin v. U.S. Marshals Service*, Case No. 18-cv-03402-RK, Doc. 12 (W.D. Mo. Jan. 14, 2019). Petitioner filed a motion to set aside the judgment and a motion for preliminary injunction. *Id*. at Docs. 15, 16. The court denied the motion to set aside judgment and found the motion for preliminary injunction moot. *Id*. at Doc. 17. Petitioner filed a Notice of Appeal on January 24, 2019, and the appeal is currently pending. *See Bradin v. U.S. Marshals Service*, Case No. 19-1205 (8th Cir.).

Likewise, any claim Petitioner may have regarding access to the courts should also be brought pursuant to a civil rights action and is premature until Petitioner has exhausted his administrative remedies. Claims regarding access to the courts must be exhausted through the prison's administrative grievance procedures, giving the facility an opportunity to resolve the claims.

Furthermore, even if Petitioner's access claim was exhausted and otherwise properly before the court, he has failed to allege an actual injury.[1] *See Proch v. Baker*, Case No. 14-3021-CM, 2017 WL 2793922, at *7 (D. Kan. June 28, 2017) (citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (violations of the constitutional right of access to the courts require a showing of injury due to the deprivation); *Sterling v. Edwards*, 881 F. Supp. 488, 490 (D. Kan. 1995) (there must be prejudice)).

Although it is well-established that a prison inmate has a constitutional right of access to the courts, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions."

---

[1] The Court notes that Petitioner was successful in filing his petition as well as five motions in the instant habeas proceeding. Petitioner was also able to file pleadings in his cases pending in the Western District of Missouri.

*Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Burnett v. Jones*, 437 F. App'x 736, 744 (10th Cir. 2011) ("To state a claim for violation of the constitutional right to access the courts, a prisoner 'must demonstrate actual injury . . .—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement.'") (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted).

Finally, to the extent Petitioner intends to pursue a civil rights claim, the Court notes that Petitioner has previously been designated as a three-strikes litigant, thereby preventing him from proceeding in forma pauperis absent a showing of "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). The court in the Western District of Missouri has noted that "because

Petitioner has filed at least three civil rights cases that federal courts have dismissed as frivolous, he is subject to pay the full filing fee in any future civil rights actions pursuant to the three strikes provisions of 28 U.S.C. § 1915(g)." *Bradin v. Bowersox*, Case No. 15-3525-CV-S-MDH-P, Doc. 11 (W.D. Mo. Jan. 15, 2016) (citing *Bradin v. Astrue*, Case No. 09-0975-CV-W-ODS-P, Doc. 4 (W.D. Mo. Nov. 19, 2009) (dismissing pursuant to Section 1915(g))).

The Court finds that Petitioner has not met his burden to make a heightened showing that entry of a TRO or preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal. Petitioner's motion seeking a TRO and preliminary injunction is denied, and his motion requesting entry of a show cause order is likewise denied.

### C. Correspondence with the Court

Petitioner has filed correspondence with the Clerk of the Court alleging that he placed his petition in the mailbox at Core Civic on February 8, 2019, and Respondents "ordered the mailroom staff here not to send [his] mail" in violation of 28 U.S.C. § 1701. (Doc. 9, at 1.) Petitioner asserts that on March 4, 2019, he attempted to have a friend that was being released take a copy of his petition and hand deliver it for Petitioner, but Respondents "illegally intercepted and stole [his] legal documents and evidence from him." *Id*. at 2. Petitioner asserts that his friend notified the U.S. Marshal and the Leavenworth Police Department, who came to the Detention Center and demanded release of the documents. Respondents allegedly told the police that the documents had been misplaced and were found on Caseworker Spears' desk. Petitioner states that all of his legal mail was returned to him on March 6, 2019, and he was told that they were not mailed out because they were "too expensive to mail." *Id*. at 3. Petitioner alleges that it took Respondents until March 12, 2019, to figure out how they were going to

allow him to send out his legal documents and file them with the Court. Petitioner claims these actions violated his First Amendment rights. *Id*. at 4. To the extent Petitioner is alleging a denial of access to the courts, such an action must be brought in a civil rights action under the conditions set forth above.

Lastly, Petitioner asks the Court to order the grant and issuance of the writ within three days as mandated by 28 U.S.C. § 2243. *Id*. at 5. However, § 2243 provides for the Court to award the writ *or* to issue an order directing the Respondents to show cause why the writ should not be granted. 28 U.S.C. § 2243 (emphasis added). The Court issued a show cause order as permitted under § 2243. (Doc. 6.)

## II. Petitioner's Prior Cases

Petitioner filed a petition under 28 U.S.C. § 2241 in the U.S. District Court for the Western District of Missouri on September 4, 2018, arguing that the state court lacked jurisdiction and seeking an order to expunge all records of conviction. *See Bradin v. Norman*, Case No. 18-cv-03299-MDH (W.D. Mo.). Because Petitioner was in state custody at the time and argued that his state sentences were void due to a lack of jurisdiction, the court construed Petitioner's petition as one brought under 28 U.S.C. § 2254. *Id*. at Doc. 24. The court held that "[r]egardless of whether Petitioner's petition is brought under § 2241 or § 2254, Petitioner is not entitled to relief." *Id*. The court found Petitioner's petition untimely under 28 U.S.C. § 2244(d)(1) regarding his request that the court invalidate his state court convictions and sentences. *Id*. The court further held that:

> Petitioner fails to identify a federal sentence that has been improperly calculated and fails otherwise to establish that he is being held in federal custody in violation of the Constitution for purposes of § 2241. To support his petition, Petitioner has submitted a federal detainer that was submitted by the United States Marshal Service on September 22, 1992, which states,

> "When the subject is to be released from your custody, please notify this office at once so that we may assume custody, if necessary." Doc. 7-1, p. 4. Petitioner fails to establish how the federal detainer has violated his constitutional rights. Instead, Petitioner premises his argument for § 2241 relief on his claim that, because his Missouri convictions and sentences are invalid, the only source of his custody was the federal detainer. Doc. 1, p. 6. However, as set forth above, Petitioner has not previously established that his Missouri convictions and sentences are invalid, and the time for seeking § 2254 relief on such a claim has expired. This Court further notes that Petitioner recently informed the Court that he will be released from state custody on November 2, 2018. Doc. 22, p. 1. Petitioner fails to establish that any federal entity has acted on the detainer in a manner that has violated Petitioner's constitutional rights. *See Parrish v. Dayton,* 761 F.3d 873, 875–76 (8th Cir. 2014) (explaining ripeness); *United States v. Austin*, 580 F. App'x 504 (Mem), 505 (8th Cir. 2014) (affirming the denial of § 2241 relief where the United States Parole Commission had "not yet acted on the warrant that Austin claims is invalid."). Consequently, Petitioner also fails to establish that he is entitled to relief under § 2241.

*Id*. at 4. The court denied the petition, finding that Petitioner failed to establish that he is entitled to habeas corpus relief under either § 2254 of § 2241. *Id*. at 5. Petitioner filed a motion for relief from judgment under Rule 60(b)(4), which was denied on December 28, 2018. *Id*. at Docs. 27, 28. Petitioner also filed two petitions for writs of mandamus which were denied by the Eighth Circuit Court of Appeals. *See In re: John Bradin*, No. 18-3101 (8th Cir. Oct. 19, 2018); *In re: John Bradin*, Case No. 18-3656 (8th Cir. Jan. 9, 2019). In Case No. 18-3656 Petitioner filed a petition for rehearing, which was denied on February 13, 2019.

On November 6, 2018, Petitioner filed another petition for writ of habeas corpus under 28 U.S.C. § 2241 in the U.S. District Court for the Western District of Missouri. *See Bradin v. U.S. Board of Probation & Parole*, Case No. 18-cv-03375-MDH. In that case, the court dismissed the case without prejudice to Petitioner seeking and obtaining authorization to file a second or successive petition in the Eighth Circuit, holding that:

> Petitioner argues, *inter alia*, that the State of Missouri was without jurisdiction to run his state sentences concurrent with his federal sentence. Doc. 1, pp. 4-7. Petitioner, however, already has sought habeas relief on the same grounds in *Bradin v. Norman*, 18-3299-CV-S-MDH-P (W.D. Mo. Nov. 1, 2018), which was dismissed with prejudice. Pursuant to 28 U.S.C. § 2244(b)(3)(A), this Court is without jurisdiction to review a second or successive petition for writ of habeas corpus until authorized to do so by the United States Court of Appeals for the Eighth Circuit. Even if the present petition is not "successive" for purposes of § 2244(b)(3)(A), Petitioner's present petition appears to be nearly identical to the petition filed in Case No. 18-3299-CV-S-MDH-P and is subject to dismissal for the same reasons.

*Id*. at Doc. 6. Petitioner filed a motion for relief from judgment under Rule 60(b)(4) which was denied by the court on December 7, 2018.

The parties should consider Petitioner's prior habeas petitions and the rulings in those proceedings in responding in the instant habeas proceeding.

**IT IS THEREFORE ORDERED** that Petitioner's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction and Request for an Emergency Hearing" (Doc. 7) is **denied.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Order to Show Cause RE Preliminary Injunction (Doc. 8) is **denied.**

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 2nd day of April, 2019.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**