IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN BRADIN,

    Petitioner,

v.                                                           CASE NO. 19-3041-JWL

LINDA THOMAS, Warden,
and UNITED STATES BOARD
of PROBATION & PAROLE,

    Respondents.

## ORDER

This matter is before the Court on a Notice of Appeal (Doc. 17) filed by Petitioner challenging the Court's April 12, 2019 Order (Doc. 14) granting an extension of time for Respondent to file an answer and return.

The Tenth Circuit Court of Appeals has jurisdiction to hear appeals only from "final decisions" of district courts. *Larson-White v. Rohling*, No. 08-3246-SAC, 2008 WL 5427783, at *1 (D. Kan. Dec. 31, 2008) (citing 28 U.S.C. § 1291). "In light of this statutory limitation, interlocutory appeals are the exception and not the rule." *Id.* (citing *Myers v. Oklahoma Cty. Bd. of Comm'rs.*, 80 F.3d 421, 424 (10th Cir.), *cert. denied*, 519 U.S. 963 (1996) (citing *Johnson v. Jones*, 515 U.S. 304, 308 (1995)); *see also Carpenter v. Boeing Co.*, 456 F.3d 1183, 1189 (10th Cir. 2006) ("Interlocutory appeals have long been disfavored in the law, and properly so.").

Petitioner's interlocutory appeal must be evaluated under 28 U.S.C. § 1292(b), which provides for appeals from interlocutory decisions in very limited circumstances. Section 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate

appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

Certification of interlocutory appeals is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." *Larson-White*, 2008 WL 5427783, at *1 (citing *State of Utah By and Through Utah State Dept. of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir.) (citing S. Rep. 2434, 1958 U.S.C.C.A.N. at 5262), *cert. denied*, 513 U.S. 872 (1994)).

The Court does not find that an immediate appeal from the Court's non-dispositive order could materially advance the ultimate resolution of this matter. The Court's order granting an extension of time did not involve a controlling question of law as to which there is substantial ground for difference of opinion. Therefore, to the extent Petitioner's Notice of Appeal may be construed as a motion for certification under § 1292(b), the Court denies certification.

**IT IS THEREFORE ORDERED** that certification of this interlocutory appeal is denied.

**IT IS FURTHER ORDERED** that no stay will issue in this matter during the pendency of the appeal.

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas, on this 23rd day of April, 2019.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**