**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JOHN BRADIN,**

**Petitioner,**

**v.** **CASE NO. 19-3041-JWL**

**LINDA THOMAS, Warden,**
**and UNITED STATES BOARD**
**of PROBATION & PAROLE,[1]**

**Respondents.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in federal custody at Core Civic Leavenworth Detention Center in Leavenworth, Kansas ("Core Civic"). The Court entered an Order (Doc. 6) setting a deadline of April 19, 2019, for Respondent to show cause why the writ should not be granted, and a deadline of May 20, 2019, for Petitioner to file a traverse. The Court entered an Order (Doc. 14) granting Respondent's motion for an extension of time, extending the answer deadline to May 20, 2019, and extending the traverse deadline to June 20, 2019. This matter is before the Court on multiple motions filed by Petitioner pro se.

On April 17, 2019, the Court entered an Order (Doc. 16) appointing the Office of the Federal Public Defender for the District of Kansas ("FPD") to represent Petitioner. Because Petitioner continued to file pro se motions after appointment of the FPD, the Court set a status conference for April 25, 2019. At the status conference, the Court ordered the FPD to confer with Petitioner and file, on or before April 30, 2019, a document signed by both Petitioner and

---

[1] Petitioner incorrectly identified the United States Parole Commission as the "U.S. Board of Probation and Parole."

the FPD setting forth whether or not the FPD will continue to represent Petitioner. On April 30, 2019, the FPD emailed the Court indicating that they were unable to obtain a signed document from Petitioner indicating whether or not he wanted the FPD to remain in the case or whether he wanted to proceed pro se. The email is attached to this Order, and includes a document provided to the FPD by Petitioner titled "Notice of Refusal to Waive 6th Amendment Right to Hire Counsel of Choice."

Because it is unclear whether or not Petitioner intends to proceed pro se or whether that decision is contingent on his success on his pending motions, the Court will rule on the pending motions and give Petitioner an opportunity to notify the Court as to whether or not he wants the FPD to remain in this case.

**1) Motion for Subpoena (Doc. 4) and Motion for Release of Seized Assets for Hiring Counsel of Choice Pursuant to Amendment VI, U.S. Constitution (Doc. 5)**

Petitioner filed a Motion for Subpoena (Doc. 4), seeking to subpoena his box of personal property, Missouri photo I.D. Card, birth certificate, Social Security Card, and medical records. Petitioner alleges that these items were removed from him under the Marshal's Service orders, and are currently in the possession of the South Central Correctional Center in Licking, Missouri. Petitioner alleges that the items are "immediately necessary" to prove the Social Security Administration's illegal seizure of his assets, to establish his legal right to an adversary hearing, and to provide for the issuance of an order for release of his assets for "hiring counsel of choice." Petitioner further asserts that surrender of his I.D. and medical records is necessary to enable him to obtain medical treatment and to perform banking and financial transactions necessary for hiring counsel.

Petitioner's claims regarding his property are not properly brought in a habeas action. The "purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality

of that custody . . . [b]ut a prisoner 'who challenges the conditions of confinement must do so through a civil rights action.'" *Davis v. Fox*, 701 F. App'x 715, 716 (10th Cir. 2017) (unpublished) (citations omitted) (due process claim regarding impoundment of personal property does not challenge the fact or duration of confinement); *see also Davis v. Heimgartner*, Case No. 16-3063-SAC, 2016 WL 3855551, at n.9 (D. Kan. July 15, 2016) ("Generally, a prisoner states no claim for habeas corpus relief unless he alleges the deprivation of a liberty interest, and he has no cause of action under 42 U.S.C. § 1983 for an unauthorized deprivation of property, either intentional or negligent, by a state employee if a meaningful state post deprivation remedy is available for the loss.") (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see O'Neal v. Price*, 531 F.3d 1146 (9th Cir. 2008)).

The U.S. District Court in Missouri has already ruled on Petitioner's claims regarding his property. On December 6, 2018, Petitioner filed a *pro se* civil rights action in the U.S. District Court for the Western District of Missouri. *See Bradin v. U.S. Marshals Service*, Case No. 18-cv-03402-RK. In Case No. 18-3402-RK, Petitioner also sought the return of his property. The court held that:

> Plaintiff's allegations concerning the mishandling of his property fail to state a federal claim. "An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedure requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The unauthorized destruction of property by government officials does not violate due process because Missouri provides an adequate postdeprivation remedy. *See Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990) (citing *Hudson* and *Maples v. United Savings & Loan Assoc.*, 686 S.W.2d 525, 527 (Mo. App. 1985)). Under Missouri law, "[c]onversion is the unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights." *Maples*, 686 S.W.2d at 527.

> Pursuant to *Hudson* and *Orebaugh*, Plaintiff fails to state a violation under the United States Constitution for the property that Defendants allegedly lost because Missouri law provides an adequate postdeprivation remedy.

*Bradin v. U.S. Marshals Service*, Case No. 18-cv-03402-RK, Doc. 12 (W.D. Mo. Jan. 14, 2019). Petitioner filed a motion to set aside the judgment and a motion for preliminary injunction. *Id*. at Docs. 15, 16. The court denied the motion to set aside judgment and found the motion for preliminary injunction moot. *Id*. at Doc. 17. Petitioner filed a Notice of Appeal on January 24, 2019, and the appeal is currently pending. *See Bradin v. U.S. Marshals Service*, Case No. 19-1205 (8th Cir.).

Petitioner also filed a Motion for Release of Seized Assets for Hiring Counsel of Choice Pursuant to Amendment VI U.S. Constitution (Doc. 5), seeking release of the seized assets to enable him to hire counsel to represent him in his habeas proceeding and at his upcoming parole hearing. Petitioner also seeks the release of "all his assets currently illegally seized by . . . the Social Security Administration . . . totaling $1,788,767.00."

Petitioner claims that while he was awaiting trial, he was entitled to full Social Security Disability and SSI benefits, but was not receiving them. Petitioner claims "[t]hey were sent to his parents (now deceased) who were angry with the petitioner for being arrested, and did not forward his payments while in county jail in Jasper County." (Doc. 5, at 1.) Petitioner claims that the Social Security Administration improperly stopped his benefits prior to his date of conviction, which was therefore "a civil forfeiture under 21 U.S.C. § 881." *Id*. at 2.

Petitioner argues that his failure to receive his social security benefits while he was in pretrial detention but prior to his conviction, "was the equivalent of a civil forfeiture under 21 U.S.C. Section 881." (Doc. 5, at 2.) Petitioner then cites cases that he argues stand for the proposition that a criminal defendant may be entitled to a post-seizure adversary hearing where

the government's freezing of a criminal defendant's assets with an ex parte restraining order as a prelude to a criminal forfeiture deprives the defendant of his right to retain counsel. Petitioner then jumps to the conclusion that he is entitled to his unpaid Social Security benefits by arguing that: 1) "he has proven, beyond a reasonable doubt," that the law did not allow the SSA to seize Petitioner's assets prior to his conviction; 2) his state sentences are void;[2] and 3) therefore his parole was never revoked and he is entitled to release of all his assets "and the respondents nor the government cannot prove otherwise." (Doc. 5, at 5.)

The problem with Petitioner's argument is that he does not have a proper determination that he is entitled to the Social Security benefits he claims were wrongfully withheld. Therefore, his case is not like a civil forfeiture where a defendant's assets are seized. The Court previously noted in its Order at Doc. 10, that his habeas proceeding is not the proper avenue to challenge his right to those benefits. He may argue that he has proven "beyond a reasonable doubt" that he is entitled to benefits, but this Court is not the proper venue to make that determination.

The Court noted in its previous Order that a claim against the Social Security Administration is not properly before this Court in this habeas action. *See* Doc. 10. The Court noted that:

> If Petitioner intends to pursue a claim against the Social Security Administration, he needs to follow the Social Security administrative procedures rather than proceeding in this habeas action. *See Head v. New Mexico Dep't of Corr.*, No. 16-CV-00509-MCA-GJF, 2016 WL 9777224, at *1–2 (D. N.M. Sept. 27, 2016) (finding petitioner's amended petition frivolous and stating that "Petitioner is not in the custody of the Social Security

[2] The Court noted in its Order at Doc. 10 that Petitioner filed a petition under 28 U.S.C. § 2241 in the U.S. District Court for the Western District of Missouri on September 4, 2018, arguing that the state court lacked jurisdiction and seeking an order to expunge all records of conviction. *See Bradin v. Norman*, Case No. 18-cv-03299-MDH (W.D. Mo.). Because Petitioner was in state custody at the time and argued that his state sentences were void due to a lack of jurisdiction, the court construed Petitioner's petition as one brought under 28 U.S.C. § 2254. *Id.* at Doc. 24. The court held that "[r]egardless of whether Petitioner's petition is brought under § 2241 or § 2254, Petitioner is not entitled to relief." *Id.*

> Administration, the Social Security Administration is not a named respondent, and this Court lacks jurisdiction to grant habeas relief against the Social Security Administration"); *see also Treece v. Louisiana*, No. 2:08-cv-1486, 2008 WL 5480566, at *1 (W.D. La. Dec. 5, 2008) (report and recommendation) ("[i]n denying petitioner's request for relief, the Fifth Circuit noted (as did the Eastern District) that petitioner's challenge to the Social Security Administration's decision to withhold his social security benefits based on his incarceration was not cognizable in an application for habeas corpus."); *Gray v. People of Calif.*, No. CV 13-0742 JVS (SS), 2014 WL 1325312, at *6 (C.D. Cal. April 2, 2014) (noting petitioner's previous petition was meritless and was dismissed where petitioner failed to challenge his conviction or sentence and instead requested review of the Social Security Administration's alleged denial of benefits).

(Doc. 10, at 2–3.)

In *Ryan v. Bentsen*, Ryan challenged the suspension of his benefits while he was an incarcerated felon, arguing that the distinction between felons and misdemeanants violates due process. *Ryan v. Bentsen*, 12 F.3d 245, 246 (D.C. Cir. 1993). The district court dismissed Ryan's case for lack of subject matter jurisdiction because he had not exhausted his administrative remedies, finding that his claim arose under the Social Security Act and that he had not received a "final decision" of the Secretary of the Department of Health and Human Services rendered after a hearing, as required by 42 U.S.C. § 405(g). *Id*. at 247.

Petitioner's cause of action regarding his property is with the State of Missouri, and his cause of action regarding his loss of benefits is with the Social Security Administration. Petitioner's motions are dismissed for lack of jurisdiction.

**2) Request to Enter Default of Defendants (Doc. 12)**

Petitioner asks the Court to enter a default against Respondents for "failure to plead or otherwise defend in a timely manner" and as a sanction for violating Petitioner's constitutional rights. (Doc. 12, at 1.) Petitioner then makes arguments about the "defendants'" delay in sending his petition to the Court for filing, which he claims is "proven beyond a reasonable

doubt" and evidence that Respondents violated 18 U.S.C. § 1503 by "illegally withholding petitioner's legal mail." *Id*. Petitioner then claims that Respondents' withholding of his writ constituted "obstruction of justice," and "everything that took and/or takes place thereafter is 'fruit of the poisonous tree'." *Id*. Petitioner claims that where Respondents violated the law of "obstruction of justice" and "mail tampering" and his access to the courts and due process rights, the "exclusionary sanction" must be applicable, thus denying them the right to respond to the Petition and entitling him to a default judgment against Respondents.

The Court noted in its previous Order that any claim Petitioner may have regarding access to the courts should be brought pursuant to a civil rights action and is premature until Petitioner has exhausted his administrative remedies. Claims regarding access to the courts must be exhausted through the prison's administrative grievance procedures, giving the facility an opportunity to resolve the claims. If Petitioner has exhausted his claim, he should pursue the claim by filing a civil rights action. Petitioner cites no authority for the proposition that a respondent's delay in filing a petition with the court entitles the petitioner to a default judgment. Petitioner's motion for default judgment is denied.

**3) Motion for Reconsideration of Order (Docs. 15, 33)[3]**

Petitioner asks the Court to reconsider its April 2, 2019 Order. The Court's Order (Doc. 10) denied Petitioner's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction and Request for an Emergency Hearing at Doc. 7. Petitioner alleges that after filing his Petition he realized that he had not properly calculated the actual amount of time he had spent in federal custody, and he has actually completed his prison sentence and is entitled to be released. To the extent Petitioner argues he is entitled to immediate release, he can make

---

[3] Documents 15 and 33 appear to be the same pleading, although Petitioner's signature is slightly different on each document.

this argument in his Traverse as it goes to the merits of his Petition. To the extent Petitioner makes arguments regarding the merits of his motion for subpoena (Doc. 4) and motion for release of assets (Doc. 5), the Court is dismissing those motions in this Memorandum and Order as set forth above.

Petitioner also takes issue with the Court's denial of his motion for temporary restraining order ("tro") and preliminary injunction. Petitioner rehashes his argument that injunctive relief is warranted regarding his personal property being held in at the South Central Correctional Center in Licking, Missouri. In dismissing Petitioner's motion for subpoena (Doc. 4) as set forth above, the Court finds that Petitioner's claims regarding his property are not properly brought in a habeas action. Furthermore, the U.S. District Court in Missouri has already ruled on Petitioner's claims regarding his property. *See Bradin v. U.S. Marshals Service*, Case No. 18-cv-03402-RK. Petitioner argues that Case No. 19-1205 has not been fully adjudicated, and he has filed a petition for a writ of mandamus for recusal of the U.S. District Judge "and all other judges of the Western District of Missouri, Southern Division due to bias, prejudice, and lack of jurisdiction." To the extent Petitioner's property claim is not properly brought in a habeas action, and is allegedly pending in another court, the Court finds that the claim is not properly before this Court.

Petitioner asks the Court "in the alternative" to file his enclosed Notice of Appeal of this Order to the Tenth Circuit Court of Appeals. (Doc. 15, at 13.) The Court will direct the Clerk to file Petitioner's attached Notice of Appeal at Doc. 15, p. 14.

**4) Motion for Sanctions (Docs. 18, 31, 34)**[4]

Petitioner argues that he is entitled to sanctions because the Assistant U.S. Attorney's

[4] Documents 18, 31 and 34 appear to be the same pleading. Document 34 is unsigned, and Documents 18 and 31 are signed with the same date.

request for an extension of time to file an answer and return was not warranted. Petitioner alleges that the motion for extension of time contained false statements regarding his medical issues causing a delay in transporting him to his parole hearing in Oklahoma City. Petitioner argues that the U.S. Marshal's Service was deliberately indifferent to his Eighth Amendment rights constituting cruel and unusual punishment, and that they withdrew their approval of medical devices in retaliation for Petitioner exercising his First Amendment rights. Petitioner alleges that there was never a parole hearing scheduled as represented in the motion for extension of time. Petitioner also alleges that the motion for extension of time was unwarranted because he is entitled to immediate release.

The Court denies the motion for sanctions. Any claims Plaintiff's has for cruel and unusual punishment or retaliation must be brought pursuant to a civil rights action. Respondent's motion for a thirty-day extension of time was the first request for an extension and the Court granted the request for good cause shown. (Docs. 13, 14.) Petitioner filed a Notice of Appeal (Doc. 17) regarding the Court's Order at Doc. 14, and this Court entered an Order (Doc. 27) denying certification of the interlocutory appeal.

The Court has discretion to grant an extension of time to file an answer and return. Section 2243 provides that the Court may issue an order to show cause directing the respondent to show cause why the writ should not be granted, and the person to whom the writ is directed shall make a return certifying the true cause of the detention. 28 U.S.C. § 2243. Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254,[5] provides in pertinent part that:

> If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent

[5] *See* Rule 1(b) (allowing the application of Rule 4 to all types of habeas corpus cases).

> and on the attorney general or other appropriate officer of the state involved.

The Advisory Committee Note to Rule 4 states that:

> In the event an answer is ordered under rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made. . . . In view of the widespread state of work overload in prosecutors' offices (see, *e.g.*, *Allen*, 424 F.2d at 141), additional time is granted in some jurisdictions as a matter of course. Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made.

Advisory Committee Note to Rule 4; *see also Hendon v. Burton*, No. 2:14-CV-14023, 2014 WL 8186698, at *1 (E.D. Mich. Nov. 17, 2014) (finding that Rule 4 has precedence over 28 U.S.C. § 2243 and gives the court reasonable discretion to set the deadline for a response to a habeas petition); *Romero v. Cole*, Civil Action No. 1:16-CV-00148, 2016 WL 2893709, at *2 (W.D. La. April 13, 2016) (stating that "it is well settled that the strict time limit prescribed by § 2243 is subordinate to the Court's discretionary authority to set deadlines under Rule 4" which applies to § 2241 habeas cases), *adopting report and recommendation*, 2016 WL 2844013 (W.D. La. May 12, 2016); *Hueso v. Barnhart*, Civil Action No. 6: 18-176-DCR, 2018 WL 6172513, at *2 (E.D. Ky. Nov. 26, 2018) ("Under the Rules Enabling Act, 28 U.S.C. § 2072, Rule 4 takes precedence over § 2243).

**5) Emergency Application for Modification of Detention Order (Doc. 19)**

Petitioner cites Rule 23(d) of the Federal Rules of Appellate Procedure as authority for his release to a halfway house pending a decision on his Petition. Rule 23 provides in pertinent part that:

> **(c) Release Pending Review of Decision Ordering Release.** While a decision ordering the release of a prisoner is under review,

> the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be released on personal recognizance, with or without surety.
>
> **(d) Modification of the Initial Order on Custody.** An initial order governing the prisoner's custody or release, including any recognizance or surety, continues in effect pending review unless for special reason shown to the court of appeals or the Supreme Court, or to a judge or justice of either court, the order is modified or an independent order regarding custody, release, or surety is issued.

Fed. R. App. P. 23(c) and (d). These rules address the status of a petitioner after the petition has been decided. *See Boyd v. Nish*, Civil Action No. 06-0492, 2007 WL 1866757, at *1 (E.D. Pa. June 27, 2007) ("The Supreme Court of the United States has held that Rule 23(c) creates a presumption of release from custody, while Rule 23(d) presumes the district court's habeas corpus order was correct) (citing *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987)). Requests under Rule 23(d) are addressed to the court of appeals or the Supreme Court. *See Christian v. Frank*, Civil No. 04-00743 DAE-LEK, 2010 WL 1064732, at *4 (D. Haw. March 22, 2010) ("A Rule 23(d) motion may only be considered by a court of appeals, the Supreme Court, or a judge or justice of one of those courts."). This Court has not ruled on Petitioner's Petition and it is not pending review. Petitioner's request pursuant to Rule 23(d) is dismissed.

**6) Motion to Strike Pleading (Doc. 20)**

Petitioner asks the Court to strike Respondent's motion for an extension of time to file an answer because it is allegedly not signed in accordance with Fed. R. Civ. P. 11. Respondent's Motion for Extension of Time (Doc. 13) is signed by counsel with a typed "s/" signature.

The Court denies the motion to strike as meritless. This Court's Local Rule 5.4.8 provides in pertinent part:

> (a) **Effect of User Log-In and Password.** The user log-in and password required to submit documents to the Electronic Filing System serve as the Filing User's signature on all electronic

> documents filed with the court. They also serve as a signature for purposes of Fed. R. Civ. P. 11, the Federal Rules of Civil Procedure, the Local Rules of this court, and any other purpose for which court proceedings require a signature.
> **(b) Requirements of Electronically-Filed Documents.** Each document filed electronically must, if possible, indicate that it has been electronically filed. Electronically-filed documents must include a signature block in compliance with D. Kan. Rule 5.1(c). In addition, the name of the Filing User under whose log-in and password the document is submitted must be preceded by an "s/" and typed in the space where the signature would otherwise appear.

D. Kan. Rule 5.4.8. Counsel's "s/" signature was in compliance with the Court's rules.

**7) Motion for Reconsideration of Order (Doc. 21)**

Petitioner is once again asking this Court to reconsider its Order at Doc. 10. For the reasons set forth above, the Court denies the motion. Petitioner also takes issue with the service upon the U.S. Attorney's Office and with the lack of a formal entry of appearance by the U.S. Attorney. The Rules Governing Habeas Corpus do not require a formal entry of appearance, nor did the Court direct such a notice. Regarding service, the Court previously cited Rule 4—the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved. The Clerk, pursuant to the Court's Order to Show Cause (Doc. 6), emailed the U.S. Attorney's office a copy of the Order to Show Cause, the Petition, and a current docket sheet. The Court will direct the Clerk to also provide copies to Linda Thomas, Warden at Core Civic. However, because Petitioner's claims regarding his conditions of confinement are not properly before the Court, the Warden will not be required to file a response to the Petition.

**8) Motion for Request for Default and for Entry of Judgment by Default to be Considered as Traverse and for Emergency Hearing (Doc. 29)**

Petitioner bases his argument for default on his argument that Respondent's pleading

should be stricken due to counsel's "illegal signature" on the pleading. The Court has already rejected these arguments and therefore Petitioner's request for default is likewise denied.

**9) Motion for Withdrawal of Appointment of Counsel and for Grant of Motions for Immediate Release of Funds & Subpoena (Docs. 30, 35)[6]**

Petitioner asks the Court to "immediately grant the Motions for Subpoena and for Release of Funds, and the Petition for Habeas Corpus Ad Testificandum and Motion for Entry of Default" and to withdraw the Court's order appointing the FPD. (Doc. 35, at 1.) Pursuant to this Memorandum and Order, the Court is dismissing Petitioner's motions. Because it is unclear whether or not Petitioner's request for a withdrawal of the order appointing the FPD is conditioned on his success on his pending motions, the Court will deny the motion for withdrawal of appointment of counsel without prejudice. Although Petitioner does not have the right to appointed counsel in this case, the Court appointed the FPD at its request as an accommodation and in the interests of justice. If Petitioner wishes to maintain the FPD as his counsel in this action, he shall so notify this Court in writing by May 31, 2019. If he does not do so, the Court will withdraw the appointment.

**10) Emergency Petition for Writ of Habeas Corpus Ad Testificandum (Doc. 32)**

Petitioner filed this request in anticipation of a hearing on his pending motions. Because Petitioner's motions are being denied, such a request is moot and therefore denied.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Subpoena (Doc. 4) and Motion for Release of Seized Assets for Hiring Counsel of Choice Pursuant to Amendment VI, U.S. Constitution (Doc. 5) are **dismissed.**

**IT IS FURTHER ORDERED** that Petitioner's Request to Enter Default of Defendants (Doc. 12) is **denied.**

---

[6] Documents 30 and 35 appear to be the same pleading, although Document 35 is signed and Document 30 is unsigned.

**IT IS FURTHER ORDERED** that Petitioner's Motions for Reconsideration of Order (Docs. 15, 33) are **denied.**

**IT IS FURTHER ORDERED** that Petitioner's Motions for Sanctions (Docs. 18, 31, 34) are **denied.**

**IT IS FURTHER ORDERED** that Petitioner's Emergency Application for Modification of Detention Order (Doc. 19) is **dismissed.**

**IT IS FURTHER ORDERED** that Petitioner's Motion to Strike Pleading (Doc. 20) is **denied.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Reconsideration of Order (Doc. 21) is **denied.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Request for Default and for Entry of Judgment by Default to be Considered as Traverse and for Emergency Hearing (Doc. 29) is **denied.**

**IT IS FURTHER ORDERED** that Petitioner's Motions for Withdrawal of Appointment of Counsel and for Grant of Motions for Immediate Release of Funds & Subpoena (Docs. 30, 35) are **denied in part and dismissed in part.**

**IT IS FURTHER ORDERED** that Petitioner's Emergency Petition for Writ of Habeas Corpus Ad Testificandum (Doc. 32) is **denied.**

**IT IS FURTHER ORDERED** that if Petitioner wishes to maintain the FPD as his counsel in this action, he shall so notify this Court in writing by **May 31, 2019**. If he does not do so, the Court will withdraw the appointment.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to file Petitioner's Notice of Appeal at Doc. 15, p. 14, and to provide Linda Thomas, Warden, a copy of this

Memorandum and Order, a current docket sheet, and Docs. 1, 2, 6, 10 and 14.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 7th day of May, 2019.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**