# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JOHN BRADIN,**

    **Petitioner,**

    v.                                            **CASE NO. 19-3041-JWL**

**LINDA THOMAS, Warden,**
**and UNITED STATES BOARD**
**of PROBATION & PAROLE,[1]**

    **Respondents.**

## ORDER

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. At the time of filing, Petitioner was in federal custody at Core Civic Leavenworth Detention Center in Leavenworth, Kansas. On July 12, 2019, the Court entered a Memorandum and Order and Judgment (Docs. 57, 58), dismissing some of Petitioner's claims for lack of jurisdiction, as successive and as moot, and denying the remaining claims. On September 3, 2019, Petitioner filed a Notice of Appeal. (Doc. 59.) On September 3, 2019, Petitioner filed an Emergency Application for Modification of Detention Order (Doc. 62). The Tenth Circuit abated the appeal pending a ruling on the motion at Doc. 62, and the matter is fully briefed by the parties.

Petitioner seeks release from custody or to be moved to a halfway house while the Tenth Circuit Court of Appeals considers his appeal of this Court's denial of his Petition. Petitioner's motion cites Fed. R. App. P. 23(d). Rule 23(d) relates to modifications of an initial order governing the prisoner's custody or release, including any recognizance or surety, and is addressed to the court of appeals or the Supreme Court, or to a judge or justice of either court. Fed. R. App. P. 23(d). Because the Court has denied the Petition, the Court will consider

---

[1] Petitioner incorrectly identified the United States Parole Commission as the "U.S. Board of Probation and Parole."

Petitioner's request under Rule 23(b). Rule 23(b) provides that: "[w]hile a decision not to release a prisoner is under review, the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court, may order that the prisoner be: (1) detained in the custody from which release is sought; (2) detained in other appropriate custody; or (3) released on personal recognizance, with or without surety." Fed. R. App. P. 23(b).

The Respondent has filed a response in opposition, arguing that the Court should order Petitioner to remain "detained in the custody from which release is sought," pursuant to Fed. R. App. P. 23(b)(1). (Doc. 67.) Respondent advises the Court that the United States Parole Commission ("USPC") held Petitioner's parole revocation hearing on July 16, 2019, and ordered Petitioner to serve to the expiration of his sentence, the remainder of the 1,602 days on his sentence from Case No. 75CR50-W-2. (Doc. 67–1, at 11–12, Exhibit 3, Notice of Action dated 8/21/2019, p. 1-2). The USPC ordered Petitioner to serve to the expiration of his sentence despite the Guidelines suggesting a lower sanction after finding that "there is a reasonable possibility [Petitioner] will violate the laws in the community because [Petitioner is] a more serious risk because of [his] violent background and three prior revocations of parole." *Id*. After the USPC's revocation decision, Petitioner is now scheduled to be released from prison on October 11, 2021, after he serves the entirety of the 1,602 days remaining on his sentence less accrued statutory good time credits. (Doc. 67–1, at 3, Exhibit 2, Sentence Monitoring and Computation Data, p. 1).

Respondent argues that despite having his parole revoked three times, Petitioner committed additional parole violations culminating in his 1993 Missouri convictions for felony theft and forcible sodomy, which resulted in an aggregated 25-year Missouri state sentence. *Id*.

Respondent argues that in light of Petitioner's continued failures to comply with the terms of his parole and his failure to demonstrate any exceptional circumstances, this Court should find that Petitioner has not met his burden to justify relief pursuant to Fed. R. App. P. 23(b)(2)-(3).

"In order to obtain release pending a determination on a [habeas petition], an inmate must make 'a showing of exceptional circumstances' or 'a demonstration of a clear case on the merits of the habeas petition.'" *United States v. Zander*, 669 F. App'x 955, 956 (10th Cir. 2016) (unpublished) (quoting *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981); *see also United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994)) ("In the habeas context, this court has reserved bail for extraordinary cases involving special circumstances or a high probability of success.")); *see also Vreeland v. Zupan*, 644 F. App'x 812, 813 (10th Cir. 2016) (unpublished) (finding that "a motion for release at this late stage required Mr. Vreeland to show not only 'a clear case on the merits of the habeas petition,' but also 'exceptional circumstances'") (citations omitted).

The Court finds that Petitioner has not shown a clear case on the merits of his Petition, or exceptional circumstances warranting his release from custody or transfer to a halfway house pending his appeal. The majority of Petitioner's motion and his reply (Doc. 68) reargue the merits of his habeas petition. Petitioner also argues, apparently for the first time, that because his statutory release date was September 12, 1993, and he was not convicted of state crimes until November 3, 1993, his parole expired and the USPC lost jurisdiction because it did not execute the warrant or revoke his parole prior to September 12, 1993. (Doc. 68, at 4.)

This Court's Memorandum and Order (Doc. 57–1) shows that Petitioner was sentenced for his crimes in Jackson County, Missouri, on November 3, 1993; and he also pleaded guilty to crimes in Jasper County, Missouri, and was sentenced on May 17, 1993, for those crimes. (Doc. 57–1, at 3.) The USPC's warrant is dated September 9, 1992, and provides that it should

not be executed "if subject is being held in custody on other Federal, State, or Local charges, unless otherwise ordered by the Commission." (Doc. 67–1, at 2.) This Court addressed the USPC's discretion in issuing and disposing of parole violator warrants in its Memorandum and Order. (Doc. 57–1, at 10–11) ("In the case of any parolee charged with a criminal offense and awaiting disposition of the charge, issuance of a summons or warrant may be withheld, a warrant may be issued and held in abeyance, or a warrant may be issued and a detainer may be placed." 28 C.F.R. § 2.44(b).). The Court also found that when the USPC issues a warrant or a parolee is convicted of a new crime, the parolee's parole term is tolled until the warrant is executed. *Id*. at 11 (citing 28 C.F.R. § 2.47(e)(2)). Petitioner's arguments do not show a clear case on the merits of his Petition, or provide exceptional circumstances warranting relief under Rule 23(b)(2) or (3).

Petitioner also argues that his motion should be granted as unopposed because Respondent has not filed a formal notice of appearance in this case, and that the United States Attorneys entered into a conspiracy with the Court by "causing his motion for default to be dismissed illegally." (Doc. 68, at 4.) Petitioner's bare allegation of a conspiracy lacks any factual support and is completely without merit. Petitioner's motion for default was based on his allegation that Respondent's pleading should be stricken due to counsel's "illegal signature" on the pleading. The Court has addressed Petitioner's arguments regarding the "illegal signature" and the lack of a formal notice of appearance, and found both to be frivolous and meritless. The Court held that:

> The Rules Governing Habeas Corpus do not require a formal entry of appearance, nor did the Court direct such a notice. Regarding service, the Court previously cited Rule 4—the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved. The Clerk, pursuant to the Court's Order to Show Cause (Doc. 6), emailed the U.S. Attorney's office a copy of the Order to Show Cause, the Petition, and a current docket sheet.

(Doc. 36, at 12.) The Court also found that counsel's typed "s/" signature was in compliance with this Court's Local Rule 5.4.8. *Id*. at 11–12.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Emergency Application for Modification of Detention Order (Doc. 62) is **denied.** Petitioner shall be detained in the custody from which release is sought pursuant to Fed. R. App. P. 23(b)(1).

Copies of this order shall be transmitted to Petitioner and to the Clerk of the U.S. Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED**.

**Dated October 7, 2019, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**